Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/20/2026
CT Log Number 551145601

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Maryland**

**FOR:** WALMART INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PHIFER DEBORAH // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Writ(s) of Summons, Return(s), Complaint, Demand, Certificate(s), Information Report |
| **COURT/AGENCY:** | Baltimore County - Circuit Court, MD<br>Case # C03CV26000038 |
| **NATURE OF ACTION:** | Personal Injury - 05/12/2024, Walmart Supercenter Store #3804 located at 8730 Liberty Road, Randallstown, Maryland 21133 |
| **PROCESS SERVED ON:** | The Corporation Trust Incorporated, Lutherville Timonium, MD |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/20/2026 at 10:09 |
| **JURISDICTION SERVED:** | Maryland |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S)/SENDER(S):** | Stephanie Swerling<br>Slocumb Law Firm, L.L.C.<br>1140 19th Street, NW, Floor 4<br>Washington, DC 20036<br>202-737-4141 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/20/2026, Expected Purge Date: 01/30/2026<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Incorporated<br>2405 York Rd<br>Ste 201<br>Lutherville Timonium, MD 21093<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jan 20, 2026
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | WALMART INC. |
| Case Number | C03CV26000038 |
| Jurisdiction | MD |

| Inserts | | |
|---|---|---|
| | | |

**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**
401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754
Main: 410-887-2601

**To:** WALMART, INC.
SERVE: THE CORPORATION TRUST, INC.
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM, MD 21093

**Case Number:** **C-03-CV-26-000038**
**Other Reference Number(s):**
**Child Support Enforcement Number:**

**DEBORAH PHIFER VS. WALMART, INC., ET AL.**

Issue Date: 1/5/2026

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

DEBORAH PHIFER
2312 Braddish Avenue
Baltimore, MD 21216

This summons is effective for service only if served within 60 days after the date it is issued.

Julie L. Ensor

Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

# SHERIFF'S RETURN
**(please print)**

To: WALMART, INC.

_________________________ ID# ______________ of the ______________________
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served ____________________________________________
Name of person served

on ______________________ at ______________________________
Date of service Location of service

______________________ by ______________________ with the following:
Manner of service

- ☐ Summons
- ☐ Complaint
- ☐ Motions ______________________
- ☐ Petition and Show Cause Order
- ☐ Counter-Complaint
- ☐ Domestic Case Information Report
- ☐ Financial Statement
- ☐ Interrogatories
- ☐ Other ______________________ Please specify

(2) Was unable to serve because:

- ☐ Moved left no forwarding address
- ☐ No such address
- ☐ Address not in jurisdiction
- ☐ Other ______________________ Please specify

Sheriff fee: $ ______________________ ☐ waived by ______________________

______________ ______________________________
Date Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:

1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**
401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754
Main: 410-887-2601

**To:** MDC COAST 29, LLC.
SERVE: CSC- LAWYERS INCORPORATING SERVICE
COMPANY
7 SAINT PAUL STREET, SUITE 820
BALTIMORE, MD 21202

**Case Number:** **C-03-CV-26-000038**
**Other Reference Number(s):**
**Child Support Enforcement Number:**

**DEBORAH PHIFER VS. WALMART, INC., ET AL.**

Issue Date: 1/5/2026

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

DEBORAH PHIFER
2312 Braddish Avenue
Baltimore, MD 21216

This summons is effective for service only if served within 60 days after the date it is issued.

Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Circuit Court for Baltimore County

Deborah Phifer vs. Walmart, Inc., et al. Case Number: C-03-CV-26-000038

## SHERIFF'S RETURN
(please print)

To: MDC COAST 29, LLC.

________________________ ID# ____________ of the ________________________
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served ________________________________________
Name of person served

on ________________________ at ________________________________
Date of service Location of service

________________________ by ________________________ with the following:
Manner of service

- ☐ Summons
- ☐ Complaint ________________
- ☐ Motions
- ☐ Petition and Show Cause Order
- ☐ Other ________________________ Please specify
- ☐ Counter-Complaint
- ☐ Domestic Case Information Report
- ☐ Financial Statement
- ☐ Interrogatories

(2) Was unable to serve because:

- ☐ Moved left no forwarding address
- ☐ No such address
- ☐ Address not in jurisdiction
- ☐ Other ________________________ Please specify

Sheriff fee: $ ________________ ☐ waived by ________________________

________________ ________________________
Date Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:

1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

E-FILED; Baltimore County Circuit Court
Docket: 1/5/2026 1:53 PM; Submission: 1/5/2026 1:53 PM
Envelope: 24493113

| | | |
|---|---|---|
| **DEBORAH PHIFER**<br>2312 Braddish Avenue<br>Baltimore, Maryland 21216<br><br>*Plaintiff,*<br><br>**v.**<br><br>**WALMART, INC.**<br>1 Customer Drive<br>Bentonville, AR 72716<br><br>**Serve:**<br>The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093<br><br>and<br><br>**MDC COAST 29, LLC.**<br>11995 El Camino Real<br>San Diego, CA 92130<br><br>**Serve:**<br>CSC-Lawyers Incorporating<br>Service Company<br>7 Saint Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>*Defendants.* | * | **IN THE CIRCUIT COURT**<br><br>**OF MARYLAND**<br><br>**FOR BALTIMORE COUNTY**<br><br>**Case No.:** C-03-CV-26-000038 |

******************************************************************************

**COMPLAINT**

COMES NOW, Plaintiff Deborah Phifer (*hereinafter*, "Plaintiff"), by and through her attorney Stephanie Swerling, and Slocumb Law Firm, LLC, and files this Complaint against the Defendants, Walmart, Inc. (*hereinafter,* "Walmart") and MDC Coast 29, LLC. (*hereinafter,* "MDC Coast") for and in support thereof states as follows:

## PARTIES

1. Plaintiff Deborah Phifer is an individual who is over the age of 18, whose domicile is in Baltimore City, Maryland.

2. Walmart is a corporation organized and existing under the laws of the State of Delaware, with its principal office located at 1 Customer Drive, Bentonville, Arkansas 72716.

3. MDC Coast is a limited liability company operating in Baltimore County, Maryland with its principal office located at 11995 El Camino Real, San Diego, California 92130.

## JURISDICTION & VENUE

4. All of the events in the foregoing complaint occurred in Baltimore County, Maryland.

5. Jurisdiction is proper in this Court pursuant to MD. CODE ANN., Cts. & Jud. Proc. Art. §§ 6-103(b)(1) and 6-103(b)(3), because both Defendants transact business in the State of Maryland and because the cause of action arose in Maryland.

6. This Court has subject matter jurisdiction over the Defendants pursuant to Maryland Code, Courts & Judicial Proceedings, § 4-401(1), because the amount in controversy is greater than thirty-thousand dollars ($30,000.00).

7. Venue is proper in this Court pursuant to MD. CODE ANN., Cts. & Jud. Proc. §§ 6-201(a) and 6-202(8), because both Defendants carry on regular business in Baltimore County and because this action is a negligence-based tort action arising in Baltimore County.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference paragraphs one through seven (1-7) as if set out in full herein.

9. This action arises from injuries sustained by the Plaintiff on May 12, 2024, as a result of an unsafe and dangerous condition existing on the floor of the Walmart Supercenter Store #3804 located at 8730 Liberty Road, Randallstown, Maryland 21133 (*hereinafter,* "Premises").

10. The Premises is owned and/or operated by Walmart and/or MDC Coast.

11. The Premises is managed by Walmart and/or MDC Coast.

12. On or about May 12, 2024, at approximately 6:30pm, Plaintiff entered the Premises as a business invitee of Defendants for purposes related to Defendants' business.

13. At the same time and place, as Plaintiff was lawfully and prudently proceeding through the subject area on the Premises, Plaintiff unknowingly stepped on a liquid substance left unmarked on the floor, causing her to slip and fall.

14. As a result of this occurrence, Plaintiff suffered severe bodily injuries and mental injuries.

15. Plaintiff neither caused nor contributed to her injuries.

**COUNT I- NEGLIGENCE**
**(Deborah Phifer v. Walmart, Inc.)**

16. Plaintiff alleges and incorporates each of the allegations set forth in paragraphs one through fifteen (1-15), as if the same were set forth at length herein.

17. Walmart, is and was, at all times relevant, the owner and/or operator of the Premises and had a duty to use reasonable and ordinary care to maintain the Premises in a safe manner for the Plaintiff and all others, and had a duty to protect against injury caused by an unreasonable risk, which the Plaintiff, by exercising ordinary care, could not discover.

18. Walmart, is and was, at all times relevant, the manager of the Premises and had a duty to use reasonable and ordinary care to maintain the Premises in a safe manner for the Plaintiff and

all others, and had a duty to protect against injury caused by an unreasonable risk, which the Plaintiff, by exercising ordinary care, could not discover.

19. Walmart breached their duty and negligently failed to exercise reasonable and ordinary care to maintain the Premises in a reasonably safe, prudent, and hazard-free condition; failed to properly inspect the subject area for hazardous, unsafe, and/or dangerous conditions; failed to timely remove or repair unsafe conditions of the subject area; failed to place any cautionary signage on the Premises warning patrons to take notice of the hazardous and/or dangerous condition; and otherwise failed to put Plaintiff and others on notice that said condition existed, all when Walmart knew, or should have known, that the condition of the subject area posed a danger and risk of imminent harm to the Plaintiff and others.

20. The Plaintiff's fall and resulting injuries were the direct and proximate result of Walmart's failure to exercise reasonable and ordinary care under the circumstances then and there existing. Walmart, through its employees and/or agents, negligently created the aforesaid unsafe and/or hazardous conditions of the subject area that was in exclusive control of the Defendants at the time of Plaintiff's fall. Walmart's negligence caused Plaintiff to slip and fall and sustain serious personal injuries. The Plaintiff neither caused nor contributed to the incident or her injuries.

21. As a direct and proximate result of Walmart's negligence and lack of due care, Plaintiff has suffered, and will continue to suffer, severe and permanent physical injuries, permanent disability, great pain and suffering, and severe mental anguish and emotional distress.

22. As a further result of Walmart's negligence as aforesaid, Plaintiff has incurred, and will continue to incur, substantial medical and related expenses, transportation costs, loss of earnings, loss of employment opportunity, loss of time and enjoyment from her usual and customary leisure and recreational activities.

23. Walmart is responsible for the aforesaid actions of its employees and/or agents under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff Deborah Phifer demands judgment from and against Defendant Walmart. Inc., in an amount **in excess of Seventy-Five Thousand Dollars ($75,000.00)** in compensatory damages, plus interest from the date of the occurrence, together with costs.

**COUNT II- NEGLIGENCE**
**(Deborah Phifer v. MDC Coast 29, LLC.)**

24. Plaintiff alleges and incorporates each of the allegations set forth in paragraphs one through twenty-three (1-23), as if the same were set forth at length herein.

25. MDC Coast, is and was, at all times relevant, the owner and/or operator of the Premises and had a duty to use reasonable and ordinary care to maintain the Premises in a safe manner for the Plaintiff and all others, and had a duty to protect against injury caused by an unreasonable risk, which the Plaintiff, by exercising ordinary care, could not discover.

26. MDC Coast, is and was, at all times relevant, the manager of the Premises and had a duty to use reasonable and ordinary care to maintain the Premises in a safe manner for the Plaintiff and all others, and had a duty to protect against injury caused by an unreasonable risk, which the Plaintiff, by exercising ordinary care, could not discover.

27. MDC Coast breached their duty and negligently failed to exercise reasonable and ordinary care to maintain the Premises in a reasonably safe, prudent, and hazard-free condition; failed to properly inspect the subject area for hazardous, unsafe, and/or dangerous conditions; failed to timely remove or repair unsafe conditions of the subject area; failed to place any cautionary signage on the Premises warning patrons to take notice of the hazardous and/or dangerous condition; and otherwise failed to put Plaintiff and others on notice that said condition

existed, all when MDC Coast knew, or should have known, that the condition of the subject area posed a danger and risk of imminent harm to the Plaintiff and others.

28. The Plaintiff's fall and resulting injuries were the direct and proximate result of MDC Coast's failure to exercise reasonable and ordinary care under the circumstances then and there existing. MDC Coast, through its employees and/or agents, negligently created the aforesaid unsafe and/or hazardous conditions of the subject area that was in exclusive control of the Defendants at the time of Plaintiff's fall. MDC Coast's negligence caused Plaintiff to slip and fall and sustain serious personal injuries. The Plaintiff neither caused nor contributed to the incident or her injuries.

29. As a direct and proximate result of MDC Coast's negligence and lack of due care, Plaintiff has suffered, and will continue to suffer, severe and permanent physical injuries, permanent disability, great pain and suffering, and severe mental anguish and emotional distress.

30. As a further result of MDC Coast's negligence as aforesaid, Plaintiff has incurred, and will continue to incur, substantial medical and related expenses, transportation costs, loss of earnings, loss of employment opportunity, loss of time and enjoyment from her usual and customary leisure and recreational activities.

31. MDC Coast is responsible for the aforesaid actions of its employees and/or agents under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff Deborah Phifer demands judgment from and against Defendant MDC Coast 29, LLC., in an amount **in excess of Seventy-Five Thousand Dollars ($75,000.00)** in compensatory damages, plus interest from the date of the occurrence, together with costs.

Respectfully submitted,

_/s/ Stephanie Swerling_
Stephanie Swerling, Esq., #2305040019
Slocumb Law Firm, L.L.C.
1140 19th Street, NW, Floor 4
Washington, DC 20036
Tel: (202) 737-4141
Fax: (771) 209-7506
sswerling@slocumblaw.com
*Counsel for Plaintiff*

| | | |
|---|---|---|
| **DEBORAH PHIFER**<br>2312 Braddish Avenue<br>Baltimore, Maryland 21216<br><br>*Plaintiff,*<br><br>**v.**<br><br>**WALMART, INC.**<br>1 Customer Drive<br>Bentonville, AR 72716<br><br>**Serve:**<br>The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD<br>21093-2264<br><br>and<br><br>**MDC COAST 29, LLC.**<br>11995 El Camino Real<br>San Diego, CA 92130<br><br>**Serve:**<br>CSC-Lawyers Incorporating<br>Service Company<br>7 Saint Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>*Defendants.* | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | **IN THE CIRCUIT COURT**<br><br>**OF MARYLAND**<br><br>**FOR BALTIMORE COUNTY**<br><br>**Case No.:** C-03-CV-26-000038 |

*********************************************************************************

**DEMAND FOR JURY TRIAL**

Plaintiff, Deborah Phifer, hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ Stephanie Swerling*
Stephanie Swerling, Esq., #2305040019

| | | |
|---|---|---|
| **DEBORAH PHIFER**<br>2312 Braddish Avenue<br>Baltimore, Maryland 21216<br><br>*Plaintiff,*<br><br>**v.**<br><br>**WALMART, INC.**<br>1 Customer Drive<br>Bentonville, AR 72716<br><br>**Serve:**<br>The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD<br>21093-2264<br><br>and<br><br>**MDC COAST 29, LLC.**<br>11995 El Camino Real<br>San Diego, CA 92130<br><br>**Serve:**<br>CSC-Lawyers Incorporating<br>Service Company<br>7 Saint Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>*Defendants.* | * | **IN THE CIRCUIT COURT**<br><br>**OF MARYLAND**<br><br>**FOR BALTIMORE COUNTY**<br><br>**Case No.:** C-03-CV-26-000038 |

*****************************************************************************

**ATTORNEY CERTIFICATE**

I hereby certify that I am a member in good standing of the Maryland Bar.

Respectfully submitted,

/s/ Stephanie Swerling
Stephanie Swerling, Esq., #2305040019

E-FILED; Baltimore County Circuit Docket: 1/5/2026 1:53 PM; Submission: 1/5/2026 1:53 PM
Envelope: 24493113

IN THE CIRCUIT COURT FOR Baltimore County (CC)
City/County

# CIVIL – NON-DOMESTIC CASE INFORMATION REPORT

## DIRECTIONS

***Plaintiff:*** This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a). ***Defendant:*** You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT   CASE NUMBER C-03-CV-26-000038 (Clerk to insert)

**CASE NAME:** Deborah Phifer (Plaintiff) vs. Walmart, Inc. et al. (Defendant)

PARTY'S NAME: Deborah Phifer   PHONE: 443-928-2349

PARTY'S ADDRESS: 2312 Braddish Avenue Baltimore, Maryland 21216

PARTY'S E-MAIL:

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: Stephanie Swerling   PHONE: 202-737-4141

PARTY'S ATTORNEY'S ADDRESS: 1140 19th Street NW, Fourth Floor Washington, DC 20036

PARTY'S ATTORNEY'S E-MAIL: sswerling@slocumblaw.com

**JURY DEMAND?** ☒ Yes ☐ No

**RELATED CASE PENDING?** ☐ Yes ☒ No If yes, Case #(s), if known:

**ANTICIPATED LENGTH OF TRIAL?:** ______ hours 2 ______ days

## PLEADING TYPE

**New Case:** ☒ Original ☐ Administrative Appeal ☐ Appeal

**Existing Case:** ☐ Post-Judgment ☐ Amendment

*If filing in an existing case,* skip Case Category/Subcategory section – go to Relief section.

## IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint – DOB of Youngest Plt: ________
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud
- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property/ Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Worker's Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance
- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. – Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☐ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated* ***Liability*** *above,* mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☐ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000 ☐ $10,000 - $30,000 ☒ $30,000 - $100,000 ☐ Over $100,000

☒ Medical Bills $ 42,969.40 ☐ Wage Loss $ ____________ ☐ Property Damages $ ____________

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation ☐ Yes ☐ No    C. Settlement Conference ☐ Yes ☐ No

B. Arbitration ☐ Yes ☐ No    D. Neutral Evaluation ☐ Yes ☐ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated* ***LENGTH OF TRIAL.***

***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less    ☐ 3 days of trial time

☐ 1 day of trial time    ☐ More than 3 days of trial time

☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions,*** *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of Defendant's response    ☐ **Standard** - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

***IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.***

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☐ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff ________________. |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

01/05/26
Date

/s/ Stephanie Swerling — 2305040019
Signature of Attorney/Party — Attorney Number

1140 19th Street NW, Fourth Floor
Street Address

Stephanie Swerling
Printed Name

Washington — DC — 20036
City — State — Zip Code

sswerling@slocumblaw.com
E-mail