E-FILED; Baltimore County Circuit Court
Docket: 1/5/2026 1:53 PM; Submission: 1/5/2026 1:53 PM
Envelope: 24493113

| | | |
|---|---|---|
| **DEBORAH PHIFER**<br>2312 Braddish Avenue<br>Baltimore, Maryland 21216<br><br>*Plaintiff,*<br><br>v.<br><br><br><br>**WALMART, INC.**<br>1 Customer Drive<br>Bentonville, AR 72716<br><br>    **Serve:**<br>    The Corporation Trust, Inc.<br>    2405 York Road, Suite 201<br>    Lutherville Timonium, MD 21093<br><br>and<br><br><br>**MDC COAST 29, LLC.**<br>11995 El Camino Real<br>San Diego, CA 92130<br><br>    **Serve:**<br>    CSC-Lawyers Incorporating<br>    Service Company<br>    7 Saint Paul Street, Suite 820<br>    Baltimore, MD 21202<br><br>*Defendants.* | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | **IN THE CIRCUIT COURT**<br><br>**OF MARYLAND**<br><br>**FOR BALTIMORE COUNTY**<br><br>Case No.: <u>C-03-CV-26-000038</u> |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, Plaintiff Deborah Phifer (*hereinafter*, "Plaintiff"), by and through her attorney Stephanie Swerling, and Slocumb Law Firm, LLC, and files this Complaint against the Defendants, Walmart, Inc. (*hereinafter,* "Walmart") and MDC Coast 29, LLC. (*hereinafter,* "MDC Coast") for and in support thereof states as follows:

## PARTIES

1.  Plaintiff Deborah Phifer is an individual who is over the age of 18, whose domicile is in Baltimore City, Maryland.

2.  Walmart is a corporation organized and existing under the laws of the State of Delaware, with its principal office located at 1 Customer Drive, Bentonville, Arkansas 72716.

3.  MDC Coast is a limited liability company operating in Baltimore County, Maryland with its principal office located at 11995 El Camino Real, San Diego, California 92130.

## JURISDICTION & VENUE

4.  All of the events in the foregoing complaint occurred in Baltimore County, Maryland.

5.  Jurisdiction is proper in this Court pursuant to MD. CODE ANN., Cts. & Jud. Proc. Art. §§ 6-103(b)(1) and 6-103(b)(3), because both Defendants transact business in the State of Maryland and because the cause of action arose in Maryland.

6.  This Court has subject matter jurisdiction over the Defendants pursuant to Maryland Code, Courts & Judicial Proceedings, § 4-401(1), because the amount in controversy is greater than thirty-thousand dollars ($30,000.00).

7.  Venue is proper in this Court pursuant to MD. CODE ANN., Cts. & Jud. Proc. §§ 6-201(a) and 6-202(8), because both Defendants carry on regular business in Baltimore County and because this action is a negligence-based tort action arising in Baltimore County.

## FACTUAL ALLEGATIONS

8.  Plaintiff incorporates by reference paragraphs one through seven (1-7) as if set out in full herein.

9.  This action arises from injuries sustained by the Plaintiff on May 12, 2024, as a result of an unsafe and dangerous condition existing on the floor of the Walmart Supercenter Store #3804 located at 8730 Liberty Road, Randallstown, Maryland 21133 (*hereinafter,* "Premises").

10. The Premises is owned and/or operated by Walmart and/or MDC Coast.

11. The Premises is managed by Walmart and/or MDC Coast.

12. On or about May 12, 2024, at approximately 6:30pm, Plaintiff entered the Premises as a business invitee of Defendants for purposes related to Defendants' business.

13. At the same time and place, as Plaintiff was lawfully and prudently proceeding through the subject area on the Premises, Plaintiff unknowingly stepped on a liquid substance left unmarked on the floor, causing her to slip and fall.

14. As a result of this occurrence, Plaintiff suffered severe bodily injuries and mental injuries.

15. Plaintiff neither caused nor contributed to her injuries.

## COUNT I- NEGLIGENCE
**(Deborah Phifer v. Walmart, Inc.)**

16. Plaintiff alleges and incorporates each of the allegations set forth in paragraphs one through fifteen (1-15), as if the same were set forth at length herein.

17. Walmart, is and was, at all times relevant, the owner and/or operator of the Premises and had a duty to use reasonable and ordinary care to maintain the Premises in a safe manner for the Plaintiff and all others, and had a duty to protect against injury caused by an unreasonable risk, which the Plaintiff, by exercising ordinary care, could not discover.

18. Walmart, is and was, at all times relevant, the manager of the Premises and had a duty to use reasonable and ordinary care to maintain the Premises in a safe manner for the Plaintiff and

all others, and had a duty to protect against injury caused by an unreasonable risk, which the Plaintiff, by exercising ordinary care, could not discover.

19. Walmart breached their duty and negligently failed to exercise reasonable and ordinary care to maintain the Premises in a reasonably safe, prudent, and hazard-free condition; failed to properly inspect the subject area for hazardous, unsafe, and/or dangerous conditions; failed to timely remove or repair unsafe conditions of the subject area; failed to place any cautionary signage on the Premises warning patrons to take notice of the hazardous and/or dangerous condition; and otherwise failed to put Plaintiff and others on notice that said condition existed, all when Walmart knew, or should have known, that the condition of the subject area posed a danger and risk of imminent harm to the Plaintiff and others.

20. The Plaintiff's fall and resulting injuries were the direct and proximate result of Walmart's failure to exercise reasonable and ordinary care under the circumstances then and there existing. Walmart, through its employees and/or agents, negligently created the aforesaid unsafe and/or hazardous conditions of the subject area that was in exclusive control of the Defendants at the time of Plaintiff's fall. Walmart's negligence caused Plaintiff to slip and fall and sustain serious personal injuries. The Plaintiff neither caused nor contributed to the incident or her injuries.

21. As a direct and proximate result of Walmart's negligence and lack of due care, Plaintiff has suffered, and will continue to suffer, severe and permanent physical injuries, permanent disability, great pain and suffering, and severe mental anguish and emotional distress.

22. As a further result of Walmart's negligence as aforesaid, Plaintiff has incurred, and will continue to incur, substantial medical and related expenses, transportation costs, loss of earnings, loss of employment opportunity, loss of time and enjoyment from her usual and customary leisure and recreational activities.

23. Walmart is responsible for the aforesaid actions of its employees and/or agents under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff Deborah Phifer demands judgment from and against Defendant Walmart. Inc., in an amount **in excess of Seventy-Five Thousand Dollars ($75,000.00)** in compensatory damages, plus interest from the date of the occurrence, together with costs.

## COUNT II- NEGLIGENCE
### (Deborah Phifer v. MDC Coast 29, LLC.)

24. Plaintiff alleges and incorporates each of the allegations set forth in paragraphs one through twenty-three (1-23), as if the same were set forth at length herein.

25. MDC Coast, is and was, at all times relevant, the owner and/or operator of the Premises and had a duty to use reasonable and ordinary care to maintain the Premises in a safe manner for the Plaintiff and all others, and had a duty to protect against injury caused by an unreasonable risk, which the Plaintiff, by exercising ordinary care, could not discover.

26. MDC Coast, is and was, at all times relevant, the manager of the Premises and had a duty to use reasonable and ordinary care to maintain the Premises in a safe manner for the Plaintiff and all others, and had a duty to protect against injury caused by an unreasonable risk, which the Plaintiff, by exercising ordinary care, could not discover.

27. MDC Coast breached their duty and negligently failed to exercise reasonable and ordinary care to maintain the Premises in a reasonably safe, prudent, and hazard-free condition; failed to properly inspect the subject area for hazardous, unsafe, and/or dangerous conditions; failed to timely remove or repair unsafe conditions of the subject area; failed to place any cautionary signage on the Premises warning patrons to take notice of the hazardous and/or dangerous condition; and otherwise failed to put Plaintiff and others on notice that said condition

existed, all when MDC Coast knew, or should have known, that the condition of the subject area posed a danger and risk of imminent harm to the Plaintiff and others.

28. The Plaintiff's fall and resulting injuries were the direct and proximate result of MDC Coast's failure to exercise reasonable and ordinary care under the circumstances then and there existing. MDC Coast, through its employees and/or agents, negligently created the aforesaid unsafe and/or hazardous conditions of the subject area that was in exclusive control of the Defendants at the time of Plaintiff's fall. MDC Coast's negligence caused Plaintiff to slip and fall and sustain serious personal injuries. The Plaintiff neither caused nor contributed to the incident or her injuries.

29. As a direct and proximate result of MDC Coast's negligence and lack of due care, Plaintiff has suffered, and will continue to suffer, severe and permanent physical injuries, permanent disability, great pain and suffering, and severe mental anguish and emotional distress.

30. As a further result of MDC Coast's negligence as aforesaid, Plaintiff has incurred, and will continue to incur, substantial medical and related expenses, transportation costs, loss of earnings, loss of employment opportunity, loss of time and enjoyment from her usual and customary leisure and recreational activities.

31. MDC Coast is responsible for the aforesaid actions of its employees and/or agents under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff Deborah Phifer demands judgment from and against Defendant MDC Coast 29, LLC., in an amount **in excess of Seventy-Five Thousand Dollars ($75,000.00)** in compensatory damages, plus interest from the date of the occurrence, together with costs.

Respectfully submitted,

*/s/ Stephanie Swerling*
Stephanie Swerling, Esq., #2305040019
Slocumb Law Firm, L.L.C.
1140 19th Street, NW, Floor 4
Washington, DC 20036
Tel: (202) 737-4141
Fax: (771) 209-7506
sswerling@slocumblaw.com
*Counsel for Plaintiff*

| | | |
|---|---|---|
| **DEBORAH PHIFER** | * | **IN THE CIRCUIT COURT** |
| 2312 Braddish Avenue | * | |
| Baltimore, Maryland 21216 | * | **OF MARYLAND** |
| | * | |
| *Plaintiff,* | * | **FOR BALTIMORE COUNTY** |
| | * | Case No.: C-03-CV-26-000038 |
| **v.** | * | |
| | * | |
| | * | |
| | * | |
| **WALMART, INC.** | * | |
| 1 Customer Drive | * | |
| Bentonville, AR 72716 | * | |
| | * | |
| **Serve:** | * | |
| The Corporation Trust, Inc. | * | |
| 2405 York Road, Suite 201 | * | |
| Lutherville Timonium, MD | * | |
| 21093-2264 | * | |
| | * | |
| and | * | |
| | * | |
| **MDC COAST 29, LLC.** | * | |
| 11995 El Camino Real | * | |
| San Diego, CA 92130 | * | |
| | * | |
| **Serve:** | * | |
| CSC-Lawyers Incorporating | * | |
| Service Company | * | |
| 7 Saint Paul Street, Suite 820 | * | |
| Baltimore, MD 21202 | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEMAND FOR JURY TRIAL

Plaintiff, Deborah Phifer, hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,


*/s/ Stephanie Swerling*
Stephanie Swerling, Esq., #2305040019

| | | |
|---|---|---|
| **DEBORAH PHIFER** | * | **IN THE CIRCUIT COURT** |
| 2312 Braddish Avenue | * | |
| Baltimore, Maryland 21216 | * | **OF MARYLAND** |
| | * | |
| *Plaintiff,* | * | **FOR BALTIMORE COUNTY** |
| | * | Case No.: C-03-CV-26-000038 |
| v. | * | |

**WALMART, INC.**
1 Customer Drive
Bentonville, AR 72716

> **Serve:**
> The Corporation Trust, Inc.
> 2405 York Road, Suite 201
> Lutherville Timonium, MD
> 21093-2264

and

**MDC COAST 29, LLC.**
11995 El Camino Real
San Diego, CA 92130

> **Serve:**
> CSC-Lawyers Incorporating
> Service Company
> 7 Saint Paul Street, Suite 820
> Baltimore, MD 21202

*Defendants.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ATTORNEY CERTIFICATE

I hereby certify that I am a member in good standing of the Maryland Bar.

Respectfully submitted,

*/s/ Stephanie Swerling*
Stephanie Swerling, Esq., #2305040019